UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kobe Carter, | ) | C/A No. 9:10-0074-JFA-BM |
| | ) | |
|         Petitioner, | ) | |
| v. | ) | ORDER |
| | ) | |
| Michael McCall, Warden, | ) | |
| | ) | |
|         Respondent. | ) | |

The *pro se* petitioner, Kobe Carter, is an inmate with the South Carolina Department of Corrections. He has filed this petition under 28 U.S.C. § 2254 challenging his state court conviction for drug charges.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that the court should grant the respondent's motion for summary judgment.[2] The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The petitioner was advised of his right to file objections to the Report and Recommendation which was filed on September 24, 2010. On October 8, 2010, the petitioner

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Petitioner responded to the motion.

1

filed a request for an extension of time within which to file objections to the Report. The court granted an extension until October 29, 2010. However, the petitioner failed to file objections. In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

After carefully reviewing the applicable law, the record in this case, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The court, therefore, adopts the recommendation of the Magistrate Judge in full and incorporates this Report by specific reference.

Accordingly, the respondent's motion for summary judgment is granted and this action is dismissed with prejudice. The court declines to issue a certificate of appealability.[3]

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

November 30, 2010
Columbia, South Carolina

---

[3] On December 1, 2009, the Rules governing Section 2254 and 2255 cases in the United States District Courts were amended to require that the district court issue or deny a certificate of appealability when a final ruling on a habeas petition is issued. See Rule 11(a) of the Rules governing 28 U.S.C. § 2254 and 2255. The court has reviewed its order and pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases, declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong)(citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).